PROB 12C
(7/93)

# United States District Court

for

*District of Guam*

FILED
DISTRICT COURT OF GUAM
MAR 1 2 2007
MARY L.M. MORAN
CLERK OF COURT

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: **Jesse Taimanglo Meno**  Case Number: **CR03-00029-001**

Name of Sentencing Judicial Officer: John S. Unpingco

Date of Original Sentence: December 10, 2003

Original Offense: Count I: Criminal Conspiracy, in violation 18 U.S.C. §§ 371 and 2.
Count VII: Unauthorized Use of Access Device, in violation of 18 U.S.C. § 1029(a)(2)

Original Sentence: 18 months imprisonment followed by three years supervised release with conditions that he: participate in drug treatment and testing; refrain from any and all alcoholic beverages; not incur any new credit charges or open additional lines of credit without approval of the probation office; provide access to all requested financial information to the probation office; perform 300 hours of community service; pay $3,345.38 restitution; and pay a special assessment fee of $200. **Informational Violation Report** filed on December 20, 2006.

Type of Supervision: **Supervised Release**  Date Supervision Commenced: **November 2, 2006**
Assistant U.S. Attorney: Marivic P. David  Defense Attorney: John T. Gorman

### PETITIONING THE COURT

[X] To issue a warrant

[ ] To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance | |
|---|---|---|
| | The defendant was arrested for a local crime. (Fraudulent Use of a Credit Card as a Misdemeanor, Tile 9 GCA § 46.35 and Driving w/o a License). | in violation of 18 U.S.C. § 3583(d) |
| | The defendant tested positive for the use of methamphetamine. (February 14, and 20, 2007) | in violation of 18 U.S.C. § 3583(d) |
| | The defendant failed to answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer. | in violation of 18 U.S.C. § 3583(d) |
| | The defendant failed to participate in drug treatment. | in violation of 18 U.S.C. § 3583(d) |
| | The defendant failed to work regularly at a lawful occupation. | in violation of 18 U.S.C. § 3583(d) |
| | The defendant failed to notify the probation officer ten days prior to any change in residence or employment. | in violation of 18 U.S.C. § 3583(d) |
| | The defendant failed to perform 300 hours of community service at the direction of the U.S. Probation Office. | in violation of 18 U.S.C. § 3583(d) |

**ORIGINAL**

U.S. Probation Officer Recommendation:

☐ The term of supervision should be

☒ revoked.

☐ extended for _____ years, for a total term of _____ years.

☐ The conditions of supervision should be modified as follows:

**Please see attached *Declaration in Support of Petition,
Violation of Supervised Release Conditions; Request for a Warrant of Arrest*
submitted by U.S. Probation Officer Robert I. Carreon**

Reviewed by:

ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer
Supervision Unit Leader
Date: 3/6/07

Reviewed by:

MARIVIC P. DAVID
Assistant U.S. Attorney
Date: 3/9/07

I declare under penalty of perjury that the forgoing is true and correct.

by: ROBERT I. CARREON
U.S. Probation Officer
Executed on: 3/6/07

**THE COURT ORDERS:**

☐ No Action.

☒ The Issuance of a Warrant.

☐ The Issuance of a Summons.

☐ Other:

**RECEIVED**
MAR - 9 2007
DISTRICT COURT OF GUAM
HAGATNA, GUAM

Hon. Frances M. Tydingco-Gatewood
Chief Judge
District of Guam

3/12/07
Date

# VIOLATION WORKSHEET

1. Defendant **Jesse Taimanglo Meno**

2. Docket Number (Year-Sequence-Defendant No.) **CR 03-00029-001**

3. District/Office  Guam

4. Original Sentence Date   12 / 10 / 03
                                month   day   year

(If different than above):

5. Original District/Office  N/A

6. Original Docket Number (Year-Sequence-Defendant No.)  N/A

7. List each violation and determine the applicable grade (see §7B1.1(b))

| Violation(s) | Grade |
|---|---|
| • The defendant was arrested for a local crime. (Fraudulent Use of a Credit Card as a Misdemeanor, Tile 9 GCA § 46.35 and Driving w/o a License) | C |
| • The defendant tested positive for the use of methamphetamine. (February 14, and 20, 2007) | C |
| • The defendant failed to answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer. | C |
| • The defendant failed to participate in drug treatment. | C |
| • The defendant failed to work regularly at a lawful occupation. | C |
| • The defendant failed to notify the probation officer ten days prior to any change in residence or employment. | C |
| • The defendant failed to perform 300 hours of community service at the direction of the U.S. Probation Office. | C |

8. Most Serious Grade of Violation (see §7B1.1(b))  **C**

9. Criminal History Category (see §7B1.4(a))  **VI**

10. Range of Imprisonment (see §7B1.4(a))  **8 - 14** months

11. Sentencing Options for Grade B and C Violations Only (Check the appropriate box):

☐ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

☒ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

☐ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission, Federal Judiciary Building, One Columbus Circle, NE, Suite 2-500, South Lobby, Washington, D.C. 20002-8002

Case 1:03-cr-00029   Document 88   Filed 03/12/2007   Page 3 of 13

Defendant: __Jesse Taimanglo Meno__

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    | | | | |
    |---|---|---|---|
    | Restitution ($) | $3,345.38 | Community Confinement | N/A |
    | S/A Fee | $200.00 | Home Detention | N/A |
    | CS Hours | 300 hours | Intermittent Confinement | N/A |

13. **Supervised Release**

    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: __N/A__ to __N/A__ years.

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from imprisonment: __22 - 28 months__

14. **Departure**

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

    Pursuant to U.S.S.G. § 7B1.4, Application Note 3, an upward departure may be warranted as the defendant has committed grade C violations that are associated with a high risk of new felonious conduct.

15. **Official Detention Adjustment** (see §7B1.3(e)): __0__ months __9__ days

Mail documents to: United States Sentencing Commission, Federal Judiciary Building, One Columbus Circle, NE, Suite 2-500, South Lobby, Washington, D.C. 20002-8002

Case 1:03-cr-00029   Document 88   Filed 03/12/2007   Page 4 of 13

ATTACHMENT TO VIOLATION WORKSHEET
(VIOLATION BREAKDOWN)
USDCCr.Cs.#03-00029-001 U.S. v. Jesse Taimanglo Meno

1.  **Mandatory Condition:** *The defendant shall not commit another federal, state, or local crime.*

    a.  Fraudulent Use of Credit Card 9 GCA §46.36 (Misdemeanor - below $500) on January 14, 2007;
    b.  Driving w/o a Driver's License

2.  **Mandatory Condition:** *The defendant shall refrain from any unlawful use of a controlled substance.*

    a.  Tested presumptive positive for methamphetamine on February 14, 2007. Laboratory confirmation pending.

3.  **Standard Condition:** *The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.*

    a.  Submitted Employment contract w/MSR on January 5, 2007 - notification that he was employed;
    b.  Reported telephonically that he was calling from work on January 29, 2007;
    c.  Reported telephonically on January 31, 2007, that he missed compliance meeting on January 30, 2007, because he was busy working.
    d.  Reported at compliance meeting on February 1, 2007, that he was at work earlier this date and he had just completed his work day.
    e.  Reported at compliance meeting on February 1, 2007, that he had not gone to the Anigua 76 gas station anytime during the month of January 2007, except for the day he was arrested on January 19, 2007. (Video evidence January 14, 2007)

4.  **Standard Condition:** *The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.*

    a.  Verified on January 31, 2007, with employer that Meno was not employed with them, only performing 3 hours on January 2, 2007.

5.  **Standard Condition:** *The defendant shall notify the probation officer ten days prior to any change in residence or employment.*

    a.  Home Visit on February 16, 2007, family member stated Meno was not living at the residence since about February 9, 2007.

ATTACHMENT TO VIOLATION WORKSHEET
(VIOLATION BREAKDOWN)
USDC Cr.Cs.#03-00029-001 U.S. v. Jesse Taimanglo Meno
Page 2

6. **Special Conditions**: *The defendant shall perform 300 hours of community service at the direction of the U.S. Probation Office.*

   a. No community service performed - originally referred on December 8, 2007 (start date 12/15/06 for days F/Sat). Submitted ER document w/MSR on January 5, 2007. On February 1, 2007, claimed "heart failure" as reason for no CS - re: ER doc. Admitted he had no such condition and agreed to CS scheduled Tu -Sat to start immediately). Confirmed February 13, 2007 that no CS has been performed.

7. **Special Conditions**: *The defendant shall undergo a substance abuse assessment approved by the U.S. Probation Office, and shall submit to any recommended treatment as a result of that assessment. If the defendant needs treatment for narcotic addiction or drug or alcohol dependency, it will include testing for the detection of substance use or abuse. The defendant shall also make co-payment for treatment at a rate to be determined by the U.S. Probation Office.*

   a. Counseling "no show" on February 12, 2007

## UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff, | )<br>)<br>) | CRIMINAL CASE NO. 03-00029-001 |
| vs. | )<br>) | **DECLARATION IN SUPPORT OF PETITION** |
| JESSE TAIMANGLO MENO<br>Defendant. | )<br>)<br>)<br>) | |

**Re: Violation of Supervised Release Conditions; Request for a Warrant of Arrest**

I, U.S. Probation Officer Robert I. Carreon, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of supervised release for Jesse Taimanglo Meno and in that capacity declare as follows:

On December 10, 2003, Mr. Jesse Taimanglo Meno was sentenced in the District Court of Guam for the offenses of <u>Count I:</u> Criminal Conspiracy, in violation 18 U.S.C. §§ 371 and 2, and <u>Count VII</u>: Unauthorized Use of Access Device, in violation of 18 U.S.C. § 1029(a)(2). He was ordered to serve 18 months imprisonment followed by three years supervised release with conditions that he: participate in drug treatment and testing; refrain from any and all alcoholic beverages; not incur any new credit charges or open additional lines of credit without approval of the probation office; provide access to any requested financial information to the probation office; perform 300 hours of community service; pay $3,345.38 restitution; and pay a special assessment fee of $200. An Informational Violation Report was filed on December 20, 2006. His term of supervised released began on November 2, 2006. Mr. Meno is alleged to have committed the following violations, which are all in violation of 18 U.S.C. § 3583(d).

1. **Mandatory Condition:** *The defendant shall not commit another federal, state, or local crime.*

   On January 22, 2007, this Officer received notice from Federal Detention Facility Officer Sergio Cruz, that Jesse Taimanglo Meno was presently detained relative to an arrest by the Guam

DECLARATION IN SUPPORT OF PETITION
Violation of Supervised Release; Request for a Warrant of Arrest
Re: MENO, Jesse Taimanglo
USDC Cr. Cs. No. 03-00029-001
March 6, 2007
Page 2


Police Department (GPD) on January 19, 2007. Also on this date, Mr. Meno reported his confinement to this Officer. Mr. Meno stated that he was arrested for Criminal Mischief and Theft of Property. He admitted to being at the scene of the crime, but maintained his innocence. Mr. Meno was advised to notify this Officer immediately upon his release from confinement. Accordingly, the arrest report was requested from GPD for review by this Officer.

On January 29, 2007, Mr. Meno notified that he was released from confinement on January 27, 2007, and that further, the charges against him were dismissed by the Superior Court of Guam. Mr. Meno was instructed to report to the probation office for a compliance meeting on his arrest on January 30, 2007. He was advised to be ready to provide a urine sample for drug testing and that a referral for him to resume his community service order would be made. Mr. Meno agreed to report as instructed and asked for an appointment late in the afternoon because his work day concludes at 3:30 p.m. He related that he was presently calling from work (the James Ji Foundation in Maite), and that he resumed his maintenance job this date. Mr. Meno failed to report to the probation office on January 30, 2007, as instructed nor did he call to explain his "no show".

On February 1, 2007, this Officer was able to review the GPD arrest report on Mr. Meno (GPD report No. 2007-00001289), which was prepared on January 15, 2007. Contributing police officers were: Philip Paulino (Badge #662), Matthew Cepeda (Badge #591), and Angelito Manlulu (Badge #723). A summary of the arrest report is provided as follows:

> According to the report, a complaint was made to police at 2:30 a.m. on January 14, 2007, from Linda's Cafe in Hagatna. The complainant, identified as Mr. Danny Finona, Jr., reported that his personal vehicle was broken into and that certain personal effects were taken. Among these items was a First Hawaiian Bank (FHB) Master Card credit card, which Mr. Finona immediately reported as stolen to the bank. At 3:30 a.m. later that morning, police were alerted that the stolen credit card was used at the Anigua 76 gas station in an attempt to purchase gas, but was declined. Police proceeded to the gas station and met with manager, Mr. Albert Flores, to review security video files in an attempt to identify the individual who attempted to use the stolen credit card. Mr. Flores provided police officers with the video evidence requested, which yielded a lone suspect at the gas station during the time the stolen credit card was reportedly used. From the video, police were able to obtain a description of the suspect and his vehicle.

DECLARATION IN SUPPORT OF PETITION
Violation of Supervised Release; Request for a Warrant of Arrest
Re:    MENO, Jesse Taimanglo
USDC Cr. Cs. No. 03-00029-001
March 6, 2007
Page 3

On January 19, 2007, at 1:00 a.m., GPD officers approached an individual matching the suspect's description, who had driven into the Anigua 76 gas station. The individual, whom they later identified as Jesse Taimanglo Meno, agreed to report to the Hagatna Precinct for questioning. At the station, however, Mr. Meno declined to provide any statements and he was arrested on charges of Criminal Mischief and Theft of Property (Theft from a Motor Vehicle). Mr. Meno was booked and confined. The police report went on to state that, upon his arrest, Mr. Meno was in possession of a flashlight, wirecutters, calculator, cell phone, ITE cellular phone Receipt, and various compact discs. In his wallet were $50 cash and several receipts from Ionian Rent a Car.

As noted above, Mr. Meno failed to make a scheduled compliance meeting at the probation office on January 30, 2007. Upon being contacted telephonically on January 31, 2007, Mr. Meno stated that he missed the appointment because he was busy working. He agreed to report for the compliance meeting on February 1, 2007. On January 31, 2007, this Officer called Mr. Meno's employer, the James Ji Foundation, and spoke with Administration Manager Narci San Agustin to confirm employment information. She related that Mr. Meno was hired as a maintenance worker on January 2, 2007, however, after performing only 3 hours on that date, he stopped reporting for work.

As instructed, Mr. Meno reported to the probation office for a compliance meeting on February 1, 2007. He stated he had just ended his work day at the James Ji Foundation. When confronted with the employment information provided by Narci San Agustin, Mr. Meno admitted that he had lied to this Officer on July 2, 2007, about being employed, and that he lied about working on January 30, 2007, and February 1, 2007. Mr. Meno had no explanation for his deceptions and acknowledged this violation behavior.

When asked to discuss his arrest by GPD on January 19, 2007, Mr. Meno denied any involvement in the alleged charges. He admitted he was at Linda's Café around the time of the offense on January 14, 2007, but denied stealing from any vehicle there. Mr. Meno also denied being at the Anigua 76 gas station on January 14, 2007, at the time the stolen credit card was used. He stated that he had not been at the Anigua 76 gas station at any time in the month of January 2007, except for when he was approached by GPD officers on January 19, 2007 and later arrested. He maintained this statement despite being advised that gas station security video would be acquired to verify his presence there. Mr. Meno was instructed to report to the probation office on February 5, 2007 and each Monday thereafter for compliance guidance and employment search verification. Arrangements were made for Mr. Meno to resume his community service order, and he agreed to

DECLARATION IN SUPPORT OF PETITION
Violation of Supervised Release; Request for a Warrant of Arrest
Re: MENO, Jesse Taimanglo
USDC Cr. Cs. No. 03-00029-001
March 6, 2007
Page 4

a weekly schedule from Tuesday to Friday to perform the hours starting February 2, 2007. Mr. Meno stated that he would have adequate transportation from family members to perform the community service order.

On February 2, 2007, this Officer met with Anigua 76 gas station Manager, Albert "Ace" Flores for information relative to Mr. Meno's arrest on January 19, 2007. Mr. Flores provided security video of the suspect believed to be responsible for attempting to use the credit card reported stolen on January 14, 2007 at Linda Café in Hagatna. Mr. Flores related that the suspect in the video was the only customer at the gas station during the time the credit card was used (January 14, 2007 at 3:13 a.m.). He provided a copy of the transaction via computer printout. Mr. Flores added that there were no other transactions during the time this suspect was recorded at the gas station. Upon review of the video with this Officer, Mr. Flores traced the actions of the suspect as illustrated in the security video. The video files are entitled 1, 1(a), 2, 3, and 3(a). Mr. Flores related that videos 1 and 1(a) show the suspect drive into the station and up to one gas pump momentarily and then drive around to another gas pump. This Officer noted that the gas pump where the suspect chose to park at was further away from direct view of the cashier. Video 2 showed the suspect making a cash purchase at the cashier. Mr. Flores stated that in video 3, the suspect exited the mini-mart after making the cash purchase and proceeded to the gas pump where he believed the suspect inserted the stolen credit card in the attempt to purchase gasoline, although the act of inserting the card into the gas pump was not evident from the camera angle. Mr. Flores related that he believed the attempt was unsuccessful as the card was declined, after which time the suspect walked away from the gas pump and back to the driver's side of his vehicle to drive away. Upon being shown a probation file photo of Jesse T. Meno, Mr. Flores stated he was confident that Meno was the suspect in the video.

On February 5, 2007, Mr. Meno reported to the probation office as instructed. Upon being presented with the gas station security video, Mr. Meno positively identified himself as the individual recorded, but denied using any credit card as alleged. He was reminded that he previously informed this Officer that he had not visited this gas station at any time in January 2007, before his arrest on January 19, 2007. He then attempted to change his statement and said that he had actually been at the gas station three times in January 2007. He admitted to driving into the gas station on January 14, and 19, 2007, but that he has no driver's license. When asked about having $50 and several receipts from Ionian Rent-a-Car in his wallet at the time of his arrest, Mr. Meno stated that he rented the car he was driving at the instruction of his nephew, whose vehicle was being repaired. Mr. Meno could not explain how he came to possess the $50. Again, he asserted no wrongdoing except for misreporting his presence at the gas station as outlined above and for driving without a driver's license.

DECLARATION IN SUPPORT OF PETITION
Violation of Supervised Release; Request for a Warrant of Arrest
Re:   MENO, Jesse Taimanglo
USDC Cr. Cs. No. 03-00029-001
March 6, 2007
Page 5

2. **Mandatory Condition:** *The defendant shall refrain from any unlawful use of a controlled substance.*

3. **Special Condition:** *The defendant shall undergo a substance abuse assessment approved by the U.S. Probation Office, and shall submit to any recommended treatment as a result of that assessment. If the defendant needs treatment for narcotic addiction or drug or alcohol dependency, it will include testing for the detection of substance use or abuse. The defendant shall also make co-payment for treatment at a rate to be determined by the U.S. Probation Office.*

Mr. Meno failed to report for drug treatment counseling on February 12, 2007. He attended urinalysis on February 14, 2007, and tested presumptive positive for the use of methamphetamine. Mr. Meno denied any drug use and the sample was sent for laboratory confirmation testing. Laboratory results received on February 22, 2007, were positively confirmed for methamphetamine use. A second urinalysis conducted on February 20, 2007, was presumptive positive for methamphetamine. As before, Mr. Meno denied any use and the sample was forwarded for confirmation testing. Results are pending.

4. **Standard Condition:** *The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.*

5. **Standard Condition:** *The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.*

Mr. Meno failed to make a scheduled compliance meeting at the probation office on January 30, 2007. Upon being contacted telephonically on January 31, 2007, Mr. Meno stated that he missed the appointment because he was busy working. He agreed to report for the compliance meeting on February 1, 2007. On January 31, 2007, this Officer called Mr. Meno's employer, the James Ji Foundation, and spoke with Administration Manager Narci San Agustin to confirm employment information. She related that Mr. Meno was hired as a maintenance worker on January 2, 2007, however, after performing only 3 hours on that date, he stopped reporting for work.

As instructed, Mr. Meno reported to the probation office for a compliance meeting on February 1, 2007. He stated he had just ended his work day at the James Ji Foundation. When confronted with the employment information provided by Narci San Agustin, Mr. Meno admitted that he had lied to this Officer on July 2, 2007, about being employed, and that he lied about working on January 30, 2007, and February 1, 2007. Mr. Meno had no explanation for his deceptions and acknowledged this violation behavior.

DECLARATION IN SUPPORT OF PETITION
Violation of Supervised Release; Request for a Warrant of Arrest
Re:   MENO, Jesse Taimanglo
USDC Cr. Cs. No. 03-00029-001
March 6, 2007
Page 6

6. **Standard Condition:** *The defendant shall notify the probation officer ten days prior to any change in residence or employment.*

Mr. Meno has failed to report weekly as instructed. He has not contacted this Officer to explain his continuing non-compliance and attempts to contact him through home visits on February 9, and 16, 2007, and telephone calls have been unsuccessful. At the home visit on February 16, 2007, his sister, Mandy Manibusan, reported that Mr. Meno has not been living there for about a week. She stated that she believes he has been moving between various relatives on island.

7. **Special Conditions**: *The defendant shall perform 300 hours of community service at the direction of the U.S. Probation Office.*

The next portion of the compliance meeting on February 5, 2007, was spent discussing Mr. Meno's community service order. Mr. Meno stated that he did not report for community service on February 2, and 3, 2007, despite agreeing to do so and reporting he had adequate transportation. He admitted that his community service "no shows" were as a result of failing to secure transportation with family members. Mr. Meno could not explain why he did not report his transportation problems immediately to this Officer as required. He was admonished for his non-compliance and assured that he would adhere to his weekly schedule as instructed. Mr. Meno was advised that his violations would be reported to the Court, and that a violation hearing would be requested. He was advised that continued non-compliance would result in a Warrant of Arrest being requested. Mr. Meno failed to report to the probation office on February 12, 2007, as per weekly schedule. He also failed to perform any community service to date.

**Supervision Compliance:** Mr. Meno submitted monthly supervision reports in December 2006, and January 2007.

**Recommendation:** This officer respectfully requests that the Court issue a Warrant of Arrest for Jesse Taimanglo Meno to appear at a hearing to answer or show cause why supervised release should not be revoked pursuant to Title 18, United States Code, Section 3583.

At this hearing, this Officer recommends that supervision be revoked, pursuant to Title 18, United States Code, Section 3583(e)(3), for twenty-four months, which is the maximum revocation imprisonment term allowed by statute. No supervision term following imprisonment is recommended. The numerous and continuing violations above illustrate that Mr. Meno has not made the commitment to live within the laws of this community.

DECLARATION IN SUPPORT OF PETITION
Violation of Supervised Release; Request for a Warrant of Arrest
Re:    MENO, Jesse Taimanglo
USDC Cr. Cs. No. 03-00029-001
March 6, 2007
Page 7

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

Executed this ___6th___ day of March 2007, at Hagatna, Guam, in conformance with the provisions of 28 U.S.C. § 1746.

Respectfully submitted,

FRANK MICHAEL CRUZ
Chief U.S. Probation Officer

By: _____
ROBERT I. CARREON
U.S. Probation Officer

Reviewed by:

_____
ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer
Supervision Unit Leader

cc:    Marivic P. David, AUSA
       John T. Gorman, Federal Public Defender
       File