# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL CASE NO. 03-00029-001 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **SUPPLEMENTAL DECLARATION** |
| | ) | **IN SUPPORT OF PETITION** |
| JESSE TAIMANGLO MENO | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**Re:** Violations of Supervised Release Supplement to Declaration filed March 12, 2007.

I, U.S. Probation Officer Robert I. Carreon, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of supervised release for Jesse Taimanglo Meno and in that capacity declare as follows:

Mr. Meno is alleged to have committed the following violations, which are all in violation of *18 U.S.C. § 3583(d)*. A supplemental violation worksheet is also attached.

**Mandatory Condition**: *The defendant shall not illegally possess a controlled substance.*

On May 2, 2007, the U.S. Probation Office was notified by USMS Task Force Agent Eugene Igros that he had just arrested Jesse Taimanglo Meno on a Warrant of Arrest, which was requested by this officer and issued on March 12, 2007. TFA Igros prepared a chain of custody report outlining that the following items were found on Mr. Meno upon arrest:

SUPPLEMENTAL DECLARATION IN SUPPORT OF PETITION
Violations of Supervised Release Supplement to Declaration filed March 12, 2007
Re: MENO, Jesse Taimanglo
USDC Cr. Cs. No. 03-00029-001
May 8, 2007
Page 2

|     | Qtty. | Item(s) |
| --- | --- | --- |
| 1.  | 2 | Clear plastic straw containers |
| 2.  |   | $111 U.S. Currency |
| 3.  | 1 | Bank of Guam Pacific Express Card belonging to Seve Susuico |
| 4.  | 1 | Navy Federal Credit Union Visa Card belonging to Eric Charles Johnson |
| 5.  | 1 | USAA Platinum Master Card belonging to Eric Charles Johnson |
| 6.  | 1 | Social Security Card belonging to Eric Charles Johnson |
| 7.  | 1 | Nebraska Operators License belonging to Eric Charles Johnson |
| 8.  | 1 | Receipt, dated 4/29/07, from 76 Ocean Vista gas station |
| 9.  | 1 | Black bi-fold wallet |
| 10. | 1 | Digital & Film Photo Member Card |

According to TFA Igros, the 2 clear plastic straw containers (item 1) field tested positive for methamphetamine.

**Mandatory Condition**: *The defendant shall refrain from any unlawful use of a controlled substance.*

On May 2, 2007, Mr. Meno was brought before the Honorable Frances Tydingco-Gatewood in the District Court of Guam for an Initial Appearance on an Order to Show Cause Hearing. At the request of defense counsel, the Court continued the matter to May 9, 2007, to allow for time to review the violation petition. Mr. Meno's detention was continued and the Court further ordered the U.S. Marshal Service to transport him immediately to the Guam Memorial Hospital (GMH) Emergency Room as Mr. Meno complained of tightness in his chest. According to U.S. Marshals, Mr. Meno was transported to GMH that evening as ordered and was subjected to various tests to identify any medical problems. Mr. Meno, however, was not identified with any medical problems related to his heart or otherwise. U.S. Marshals stated, however, that a urinalysis conducted by doctors yielded positive results for methamphetamine.

SUPPLEMENTAL DECLARATION IN SUPPORT OF PETITION
Violations of Supervised Release Supplement to Declaration filed March 12, 2007
Re:    MENO, Jesse Taimanglo
USDC Cr. Cs. No. 03-00029-001
May 8, 2007
Page 3


**Mandatory Condition**: *The defendant shall not commit another federal, state, or local crime.*

      As outlined previously, Mr. Meno was apprehended on May 2, 2007, and was in possession of various credit/debit cards and identification cards that were in the name of individuals other than himself. According to U.S. Marshals, Mr. Meno reported upon arrest that the cards were given to him by another individual, namely Peter Santos. According to the Bank of Guam, the Pacific Express Card belonging to Seve Susuico (item #3) was reported stolen. Absent customer consent or a court order, however, additional information could not be disclosed to this Officer. With the help of the Naval Criminal Investigative Service (NCIS), Mr. Johnson was contacted and he confirmed that the debit/credit cards, social security card, and driver's license (item #4,5,6,7) were stolen from his vehicle on April 29, 2007. Mr. Johnson stated that on that date, he had visited a friend in Tamuning, and later discovered that his vehicle's rear window had been shattered. He found that his wallet containing items 4 - 7, as well as his Sony digital SLR camera with lenses and accessories (kept in a camera bag) were taken from his vehicle. Mr. Johnson stated that he filed a complaint with the Guam Police Department (GPD) on that date and canceled his credit/debit cards. He stated that he would like to retrieve his social security card (item #6) and driver's license (item #7).

      Given the above information, this Officer believes Mr. Meno committed a local offense, to wit: Title 9 Guam Code Annotated § 43.50. Theft by Receiving Stolen Property. This section is defined as follows:

> (a) A person is guilty of theft if he intentionally receives, retains or disposes of movable property of another knowing that it has been stolen or believing that it has probably been stolen. It is a defense to a charge of violating this Section that the defendant received, retained or disposed of the property with intent to restore it to the owner.

**Recommendation:** The above information is respectfully submitted to supplement the Declaration in Support of Petition filed on March 12, 2007, and for consideration at the Order to Show Cause Hearing set for May 9, 2007.

SUPPLEMENTAL DECLARATION IN SUPPORT OF PETITION
Violations of Supervised Release Supplement to Declaration filed March 12, 2007
Re:     MENO, Jesse Taimanglo
USDC Cr. Cs. No. 03-00029-001
May 8, 2007
Page 4


I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

Executed this 8th day of May 2007, at Hagatna, Guam, in conformance with the provisions of 28 U.S.C. § 1746.


                                        Respectfully submitted,

                                        FRANK MICHAEL CRUZ
                                        Chief U.S. Probation Officer

                            By:       /s/ ROBERT I. CARREON
                                        U.S. Probation Officer

Reviewed by:

/s/ ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer
   Supervision Unit Leader

cc:     Marivic David, AUSA
        John Gorman, FPD
        File

# SUPPLEMENTAL VIOLATION WORKSHEET

1. Defendant **Jesse Taimanglo Meno**
2. Docket Number (Year-Sequence-Defendant No.) **CR 03-00029-001**
3. District/Office   Guam
4. Original Sentence Date   12 / 10 / 03
   month   day   year

(If different than above):
5. Original District/Office   N/A
6. Original Docket Number (Year-Sequence-Defendant No.)   N/A

7. List each violation and determine the applicable grade (see §7B1.1(b))

| Violation(s) | Grade |
|---|---|
| • The defendant possessed a controlled substance (May 2, 2007). | C |
| • The defendant tested positive for the use of methamphetamine. (May 2, 2007). | C |
| • The defendant committed a local crime. (Title 9 Guam Code Annotated § 43.50. Theft by Receiving Stolen Property). | C |
| • | |
| • | |

8. Most Serious Grade of Violation (see §7B1.1(b))   C
9. Criminal History Category (see §7B1.4(a))   VI
10. Range of Imprisonment (see §7B1.4(a))   8 - 14 months

11. Sentencing Options for Grade B and C Violations Only (Check the appropriate box):

[ ] (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

[X] (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

[ ] (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission, Federal Judiciary Building, One Columbus Circle, NE, Suite 2-500, South Lobby, Washington, D.C. 20002-8002

Case 1:03-cr-00029   Document 93-2   Filed 05/08/2007   Page 1 of 2

Defendant: **Jesse Taimanglo Meno**

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    | | | | |
    |---|---|---|---|
    | Restitution ($) | $3,345.38 | Community Confinement | N/A |
    | S/A Fee | $200.00 | Home Detention | N/A |
    | CS Hours | 300 hours | Intermittent Confinement | N/A |

13. **Supervised Release**

    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: N/A to N/A years.

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from imprisonment: 22 - 28 months

14. **Departure**

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

    Pursuant to U.S.S.G. § 7B1.4, Application Note 3, an upward departure may be warranted as the defendant has committed grade C violations that are associated with a high risk of new felonious conduct.

15. **Official Detention Adjustment** (see §7B1.3(e)): 0 months 9 days

Mail documents to: United States Sentencing Commission, Federal Judiciary Building, One Columbus Circle, NE, Suite 2-500, South Lobby, Washington, D.C. 20002-8002

Case 1:03-cr-00029   Document 93-2   Filed 05/08/2007   Page 2 of 2